IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Lee Harris, | No. CV-19-05147-PHX-JJT |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

At issue is the Report and Recommendation (Doc. 38) ("R&R") submitted in this matter by United States Magistrate Judge Michelle H. Burns recommending the Court deny the Petition for Habeas Corpus as moot because Petitioner was released from custody and he did not challenge his underlying conviction (Doc. 1). Petitioner filed objections to the R&R (Doc. 39). Since the filing of the R&R, Petitioner has filed 13 largely unintelligible motions or supplements to his objections, including a Motion for Recusal of the undersigned. The Court will deny Petitioner's Motion to Recuse, adopt the Report and Recommendation in full, deny Petitioner's remaining motions, and dismiss this action.

**I.     Recusal is Not Required**

Title 28, Section 455(a) of the United States Code provides that a United States judge "shall disqualify" himself in any proceeding in which his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b)(1) provides that a judge must also disqualify himself where he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" *Id.*

§ 455(b)(1). Recusal pursuant to § 455(b) is required only if the bias or prejudice stems from an extra-judicial source, not from conduct or rulings during the course of the proceedings. *See Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1046 (9th Cir. 1987), *aff'd*, 496 U.S. 543 (1990). "[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality motion." *Liteky v. United States*, 114 S. Ct. 1147, 1157 (1994). Adverse rulings should be appealed; they do not form the basis for a recusal motion. Further, where the judge forms opinions in the courtroom, either in the current proceeding or in a prior proceeding, these opinions "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Similarly, 28 U.S.C. § 144 provides for recusal where a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The affidavit must state the facts and reasons for the belief that the bias or prejudice exists. *Id.* If the judge finds the affidavit timely and legally sufficient, the judge must proceed no further, and another judge must be assigned to hear the motion. *Id.*; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).

But Petitioner's affidavit is not sufficient, there are no facts to support that the undersigned has any bias or prejudice, nor has Petitioner identified any extrajudicial matter from which an asserted bias arose. Accordingly, recusal pursuant to § 455(b) is not appropriate. *See, e.g.*, *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (judge's prior adverse rulings are insufficient cause for recusal). Nor is recusal pursuant to § 144 appropriate. Accordingly, the undersigned will deny the motion to recuse.

## II.     Report and Recommendation

The Court adopts in whole the R&R and agrees with the conclusion that this petition is moot. It is a jurisdictional requirement that a habeas corpus petitioner be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Carafas v.*

*LaVallee*, 391 U.S. 234, 238 (1968)). "[The Supreme Court has] never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Maleng*, 490 U.S. at 491 (emphasis in original). Once a petitioner has completed the sentence imposed for a conviction, "the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492. Thus, while, "custody" is not limited to actual physical incarceration, *see Jones v. Cunningham*, 371 U.S. 236, 239 (1963), one condition of being "in custody" is that the petitioner be subject to restraints not shared by the public generally, *see id.* at 243 (parolee is "in custody" within the meaning of the habeas statute).

Further, the "case-or-controversy" requirement of article III, § 2, of the United States Constitution requires a habeas corpus petitioner to have a "personal stake in the outcome of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)). So even where a petitioner satisfies the "in custody" requirement at the time the petition is filed, it may become moot if he is released from custody prior to any ruling. *Id.* Once a sentence has expired, "some concrete and continuing injury other than the now-ended incarceration (or parole)— some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7 (holding that potential impact of conviction on future sentencing proceeding was not a sufficient injury to demonstrate article III standing).

Nothing in any of Petitioner's objections, supplemental objections, or motions for an evidentiary hearing establish that there is an ongoing case or controversy with respect to his habeas corpus petition. He received the relief he sought—release from custody—and did not challenge the propriety of his underlying conviction or allege he is subject to any ongoing collateral consequence.[1] Although not clear, to the extent that Petitioner is attempting to present a claim of false imprisonment under state law, Respondent notes that Petitioner has an ongoing tort action in Maricopa County Superior Court (Doc. 33). Thus,

---

[1] Petitioner has returned to custody in connection with a separate criminal matter.

1  the Court will adopt the R&R, deny the Petition as moot, and deny Petitioner's remaining
2  motions.

3  **IT IS THEREFORE ORDERED** that Petitioner's Motion to Recuse (Doc. 48) is
4  **denied**.

5  **IT IS FURTHER ORDERED** adopting in whole Magistrate Judge Burns' R&R
6  (Doc. 38) and dismissing and denying as moot the Petition for Writ of Habeas Corpus
7  pursuant to 28 U.S.C. 2254 (Doc. 1). All remaining motions (Docs. 41, 45, 47, 50, 51, 53,
8  54, 55, 56) are **denied**.

9  **IT IS FURTHER ORDERED** denying a Certificate of Appealability and leave to
10 proceed in forma pauperis. Dismissal of the Petition is justified by a lack of jurisdiction
11 and reasonable jurists would not find the ruling here debatable.

12 **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment
13 accordingly and close this matter.

14 Dated this 18th day of September, 2020.

16 Honorable John J. Tuchi
   United States District Judge